No. 3836.—WARREN & CRAWFORD *v.* J. J. B. KIRK.

A sale of a certain number of bales of cotton to be delivered thirty days after demand, is at the risk of the seller until delivery. The defense that the cotton of the defendant was destroyed during the war will not avail, if by the terms of the contract no particular lot of cotton was indicated as being sold; but the seller in such case is required to fulfill his contract of sale by delivering the number of bales sold or by paying the price in money.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Miller,* J. *A. B. Irion,* for plaintiffs and appellees. *Edward Phillips,* for defendant and appellant.

WYLY, J. This suit was instituted upon the following obligation:

"Thirty days after demand, I promise to deliver in New Orleans, in good condition, to Messrs. Warren & Crawford, or order, one hundred bales of cotton, the same having been sold by W. & C. for my account, at eight and a half cents for middling, and on which I am to receive an advance of thirty dollars per bale, the balance to be paid when said cotton is delivered.                                        J. J. B. KIRK."

"New Orleans, December 12, 1861."

On the first of August, 1865, the plaintiffs addressed a letter to the defendant demanding the fulfillment of his obligation. The defendant refused to comply with the demand, and in the month of April, 1866, suit was instituted for the recovery of the cotton, or its value. The court gave judgment for plaintiffs for $3000, and the defendant has appealed. In the answer to the appeal the plaintiffs pray that the judgment be increased to $16,000. There are several defenses pleaded, but none of them is established by the evidence. The defendant has received the consideration agreed to be advanced to him under the contract. He attempted to show that the one hundred bales he agreed to deliver was of a particular lot which was destroyed during the war; but in this he failed.

"The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid." Revised Code, 2456. "But if the object contracted to be given be not a thing particularly specified, but is uncertain, indeterminate, or described only by quantity or number, it is at the risk of the creditor only from the time he is in legal default for not receiving the thing after it has been tendered. A contract to deliver a certain number of bushels of wheat to pay a certain sum of money, or to ship a certain number of hogsheads of sugar, without further identification, comes under this rule." R. C. C. 1915. There is an exception to the rule "when the object of the contract, although indeterminate in itself, makes part of a whole that is determinate and certain, and the

whole, of which it forms a part, is lost or destroyed by inevitable accident before delivery, the loss will fall on the creditor of the thing sold." * * * Art. 1916.

"In the case provided by the last article, it must appear that the designation of the mass, from which the particular object of the contract is taken, was intended by the parties as restrictive ; that is to say, that their intention was confined to that particular property, and no other of the same kind. *When such intent is not clearly expressed, it shall be presumed that no such restriction was intended; and that the thing is at the risk of the debtor, until delivery or default.*" Art. 1917.

"When the goods, produce, or other objects are not sold in a lump, but by weight, by tally or by measure, the sale is not perfect, inasmuch as the things so sold are at the risk of the seller until they be weighed, counted or measured; but the buyer may require either the delivery of them or damages, if there be any, in case of non-execution of the contract." R. C. C., art. 2458.

Here the defendant unconditionally bound himself to deliver to the plaintiffs in New Orleans, in good condition, one hundred bales of cotton, of middling quality, thirty days after demand. He has long since received the advance of thirty dollars per bale, stipulated in the contract, but has failed to deliver the cotton notwithstanding the demand of the plaintiffs. He now says his cotton was destroyed during the war ; but it is not shown that the number of bales mentioned in the contract was restricted, or intended by the parties to be restricted, to any particular lot of cotton ; and " when such intent is not clearly expressed, it shall be presumed that no such restriction was intended." Until delivery, the cotton was therefore at the risk of the seller ; and however unfortunate he may have been with it, he must bear the consequences of his voluntary agreement. He got the consideration he stipulated for, and he must now perform his part of the contract. But in his brief the defendant contends that the plaintiffs have failed to disclose either in their pleadings or in the evidence any right of action or any interest in the suit.

In the evidence we find the letter of the plaintiffs to the defendant as follows : " We have the pleasure to advise sale of one hundred bales of your cotton, to be delivered in New Orleans thirty days after demand on a basis of eight and a half cents for middling, the buyer advancing thirty dollars per bale on receipt of within document signed by you ; the buyer holding us responsible for the fulfillment of the contract ; we will have to insure the cotton and charge to your account. Please sign the within and return by first mail, and on receipt of the advance we will advise you. Your friends,

, WARREN & CRAWFORD."

It appears that the defendant agreed to the sale, signed the contract

and returned it to the plaintiffs, his factors. On the twenty-sixth December, 1861, after the contract had been signed and returned, the plaintiffs wrote to the defendant: "We have completed, as far as circumstances will admit, the sale of your cotton, and can, therefore, remit you the amount or pay your drafts to the extent of the advance."

How the defendant, making a contract in which he knows that the plaintiffs are responsible for its fulfillment, and in which he unconditionally binds himself to them, can then turn round and say they have no interest and can not enforce it, we are at a loss to understand. It was on the responsibility of the plaintiffs that the defendant got the money, and it was doubtless for that reason he contracted to deliver the cotton to them. They are the obligees of the contract and certainly have an interest to enforce it.

It is shown that the value of the cotton at the time the defendant was in default for delivery, was $16,000. The defendant must, therefore, deliver the cotton or pay that amount.

It is therefore ordered that the judgment appealed from be set aside, and it is ordered that the defendant deliver to the plaintiff according to the terms of the contract one hundred bales of cotton averaging four hundred pounds per bale, of middling quality within sixty days from date hereof, and in default thereof that he be condemned to pay the plaintiffs sixteen thousand dollars, with legal interest from judicial demand, less the sum of four hundred dollars, the balance due the defendant on delivery of the cotton under the contract. It is further ordered that he pay costs of both courts.

Rehearing refused.